IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zhenkun Wu | )<br>)<br>) Case No.: 24-cv-02012 |
| Plaintiff, | ) |
| v. | ) Judge: Hon. Mary M. Rowland |
| | ) |
| The Partnerships and Unincorporated Associations Identified in Schedule "A", | ) Magistrate: Hon. Young B. Kim<br>)<br>) |
| | ) |
| Defendants. | ) |

## DECLARATION OF KEVIN KEENER

I, Kevin Keener, of Chicago, declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order (the "*Ex Parte* Motion for TRO") and, if called as a witness, I could and would competently testify as follows:

2. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois, the United States District Court for the Northern District of Illinois.

3. Plaintiff is s requesting service by email to Defendants Identified in Schedule A to the Complaint. Defendants operate webstores on online merchant platforms to sell counterfeit products in violation of Plaintiff's copyright and selling counterfeit products ("Counterfeit Products").

4. Off-shore e-commerce store operators offering for sale products using unauthorized copyright images typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and

avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my experience in anti-counterfeiting investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

5. An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few provide a physical address on the ecommerce store. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, and DHgate when registering their account. However, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. Since an e-commerce store operator can input any physical address, such addresses are usually false and/or are not where the ecommerce store operator is located. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants.

6. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague

       Convention, the "convention shall not apply where the address of the person to be served with the document is not known."

7.      Genuine and authentic copies of the unpublished decisions cited in Plaintiff's Memorandum of Law in Support of *Ex Parte* Motion for TRO are attached hereto as Exhibit 1.

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 22nd day of March, 2024

                                                             /s/ Kevin Keener
                                                             Kevin Keener