IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Zhenkun Wu

Plaintiff,

v.

The Partnerships and Unincorporated Associations Identified in Schedule "A"

Defendants.

Case No.: 24-cv-2012

DEFENDANT MEIR GRYNER'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Meir Gryner, an individual residing at 9 Nachman Mibraslav St., Jerusalem, Israel 5153416, and doing business as lightintheeyes, identified in Plaintiff's Complaint as Doe 265, hereby submits this Answer to the Complaint filed by Plaintiff Zhenkun Wu ("Plaintiff").

1. Introduction

Defendant denies all allegations of copyright infringement as articulated in the Complaint. Defendant asserts that Plaintiff has not provided sufficient evidence to substantiate the claims made against Defendant. This Answer addresses the Complaint's allegations and outlines Defendant's affirmative defenses.

2. Responses to Plaintiff's Allegations

Paragraphs 1-13: Defendant lacks sufficient information to admit or deny the allegations in these paragraphs and therefore denies them. Defendant specifically denies any allegations of wrongdoing or infringement.

Paragraphs 14-16: Defendant admits that this Court has subject matter jurisdiction but denies that this Court has personal jurisdiction over Defendant. Defendant is a citizen of Israel and has not purposefully availed himself of the benefits and protections of the laws of the State of Illinois. Defendant further asserts that venue is not proper in this District.

Paragraphs 17-37: Defendant lacks sufficient information to admit or deny the allegations in these paragraphs and therefore denies them. Defendant specifically denies any allegations of wrongdoing or infringement.

Paragraphs 38-49 (Count One): Defendant denies the allegations in these paragraphs and asserts that the Complaint fails to state a claim of copyright infringement upon which relief can be granted. Defendant further asserts that any alleged use of Plaintiff's copyrighted materials constitutes fair use under 17 U.S.C. § 107.

Paragraphs 50-58 (Count Two): Defendant denies the allegations in these paragraphs and asserts that the Complaint fails to state a claim of unfair competition upon which relief can be granted.

Paragraphs 59-65 (Count Three): Defendant denies the allegations in these paragraphs and asserts that the Complaint fails to state a claim under the Illinois Uniform Deceptive Trade Practices Act upon which relief can be granted.

3. Affirmative Defenses

A. Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted. Plaintiff has not provided any evidence or specific allegations to support the claims of copyright infringement, unfair competition, or violation of the Illinois Uniform Deceptive Trade Practices Act.

B. Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over Defendant as Defendant is a citizen of Israel and has not purposefully availed himself of the benefits and protections of the laws of the State of Illinois. Defendant does not reside in Illinois, does not have a physical presence in Illinois, and does not direct its business activities towards consumers in Illinois.

C. Fair Use

To the extent that Defendant may have used any of Plaintiff's copyrighted materials, such use constitutes fair use under 17 U.S.C. § 107. Defendant's use of the materials was for non-commercial purposes and did not harm the market for Plaintiff's work.

D. Good Faith

Defendant operates an online store on eBay under the account name meir-3539 with thousands of products. Defendant has acted in good faith and has promptly removed any products from its store upon request from the copyright holder. Defendant has not knowingly or willfully infringed on any of Plaintiff's copyrights.

E. Bad Faith Litigation (SAD Scheme)

Defendant asserts that Plaintiff's lawsuit is not brought in good faith, but rather is part of a Strategic Abuse of Discovery (SAD) scheme. Plaintiff is attempting to coerce a settlement from numerous defendants by filing a vague and unsubstantiated complaint.

F. No Evidence of Infringement

Plaintiff has failed to provide any evidence that Defendant has actually sold any infringing products. The product identified by Plaintiff in their email dated June 26, 2024, as "Country Style Canvas Wall Art Teal Blue Mason Bottle Flower Rustic 24X24" has never been sold by Defendant, as evidenced by the listing details provided by Plaintiff which show that the product was never purchased.

4. Prayer for Relief

WHEREFORE, Defendant respectfully requests that this Court:

   Dismiss the Complaint in its entirety with prejudice;

   Award Defendant its reasonable attorney's fees and costs; and

   Grant such other and further relief as this Court deems just and equitable.

Dated: July 2, 2024

Respectfully submitted,

Meir Gryner

9 Nachman Mibraslav St., Jerusalem, Israel 5153416

meir.gr2@gmail.com